PER CURIAM.
The appellant was convicted of grand larceny and sentenced to a. term of four years in the state penitentiary. He appeals from the judgment of conviction and sentence.
The main thrust of appellant’s contention on appeal is that the evidence was insufficient to support the conviction.
The appellant was friendly with the prosecuting witness, Paz. Paz was introduced by the appellant to one Vargas who was allegedly about to bring into the country a shipment of gold. It was represented that if Paz would put up $15,000 in order to get the shipment into the country, he would share in the profits. Paz withdrew $15,000 from bank accounts and by pre-arrangement, met Vargas and the appellant in a hotel. Paz laid the $15,000 on the table in front of the appellant and Vargas and left the room momentarily. When he returned, Vargas appeared to have placed Paz’ money in a solution which turned it black. Upon demand, Vargas allegedly placed Paz’ disfigured money in a plastic bag and Paz thereupon left with the assurance that a solution to clean the money would be obtained in New York. Later, it was represented by Vargas that he would need $2,000 to get the solution from New York by air. Paz went to the airport where he turned over an additional $2,000 to Vargas and received a package which allegedly contained the solution, with the admonition that it could not be used for 72 hours. Vargas was to meet Paz at the end of 72 hours and help clean the money. Neither Vargas nor the money was ever seen again. An employee of the appellant testified that appellant had admitted cheating Mr. Paz out of $12,000.
We have carefully reviewed the record in this case and conclude that the evidence was sufficient, if believed, to support the *624 conviction of grand larceny. Other contentions raised by appellant have been considered but were found to be insufficient to constitute reversible error. It follows that the judgment of conviction and sentence should be and is hereby affirmed.
Affirmed.